# In the United States Court of Federal Claims

No. 26-1859
Filed: November 25, 2026

**DEATRA INGELS,**

***Plaintiff,***

**v.**

**THE UNITED STATES,**

***Defendant.***

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

Plaintiff, Deatra Ingels ("Ms. Ingels") challenges her arrest, subsequent pretrial monitoring, and her later return to custody to the Butte County Jail. (Compl., ECF No. 1). She seeks release and due process information. (*Id.* at 3). Because the Court of Federal Claims lacks jurisdiction over claims against local entities, criminal or detention challenges, requests for release, due process claims lacking a money-mandating source of law, or claims not directed against the United States, her Complaint must be **DISMISSED** for lack of subject-matter jurisdiction. Along with her Complaint, Ms. Ingels applies to proceed in forma pauperis ("IFP Application"). (IFP App., ECF No. 2). The IFP Application is deficient because Ms. Ingels failed to submit a prisoner authorization form and a certified inmate trust account statement. (*See id.*). Moreover, she claims a partial interest in real property.[1] (*Id.* at 2). Nevertheless, because the Court concludes at the outset that it lacks subject-matter jurisdiction over this action, the IFP Application is **GRANTED** for the limited purpose of considering and dismissing the Complaint.

Ms. Ingels's Complaint names the Butte County Jail as the defendant and appears to challenge her arrest, pretrial supervision, and subsequent detention. (Compl. at 1, 4–5). The handwritten portion of her Complaint alleges that Ms. Ingels was stopped by law enforcement on August 29, 2026, while using a cellular phone for navigation. (*Id.* at 4). Ms. Ingels was arrested for driving under the influence, and after a court appearance, was released subject to pretrial supervision and required to wear a Global Positioning System ("GPS") ankle monitor. (*Id.*). Ms. Ingels alleges that she informed her supervising probation officer that compliance with the

[1] Delaying resolution of this action is contrary to the interests of justice, and the additional delay would likely be futile as it is unlikely that Ms. Ingels could expeditiously mount the sale of what may be an undivided interest in her property or utilize it somehow as security to obtain the normal necessary filing fee.

monitoring requirements would be difficult because she resided in an off-grid location that lacked utility services, including electricity and running water. (*Id.*). Ms. Ingels contends that because she was unable to continuously obtain fuel for the generator, she could not consistently charge the GPS monitoring device. (*Id.* at 4–5). Ms. Ingels further states that her cellular phone was destroyed in a fire, leaving her without reliable means of communication. (*Id.* at 5). Ms. Ingels was subsequently taken into custody; she asserts now that she does not know why she is presently being held, does not know how long she will remain incarcerated, and seeks information regarding the process by which decisions concerning her detention are being made. (*Id.*). Liberally construed, Ms. Ingels requests release from custody and seeks an explanation of her due process rights and the basis for her continued confinement. (*Id.* at 3).

As an initial matter in every case, this Court must determine whether it has subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). The Tucker Act provides this Court with limited jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not provide an enforceable right against the United States. *Brooks v. United States*, 825 F. App'x 745, 748 (Fed. Cir. 2020). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* at 748 (internal quotations omitted).

Under RCFC 12(b)(1), the burden of establishing subject-matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Ms. Ingels is proceeding pro se, and this Court, therefore, interprets her pleadings more liberally than it would interpret pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). This liberal interpretation, however, does not overcome Ms. Ingels's responsibility to demonstrate that this Court has jurisdiction over the matter. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The allegations in the Complaint concern Ms. Ingels's arrest, conditions of supervision, alleged violations of due process, and present incarceration. (Compl. at 1, 4–5). The relief sought is release from custody and an explanation of the basis for plaintiff's detention. (*Id.* at 3). Such claims do not fall within the jurisdiction of the Court of Federal Claims. The Court's jurisdiction does not extend to criminal matters, challenges to state or local detention, review of state criminal proceedings, requests for release from custody, or claims asserted against state, county, or local governmental entities. *See* § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Brown v. United States*, 105 F.2d 621, 624 (Fed. Cir. 1998) (citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming dismissal of complaint alleging violation of criminal statutes, because the Court of Federal Claims has no jurisdiction to adjudicate claims under the criminal code). This Court also lacks authority to order a prisoner's release, to review the validity of criminal proceedings, or to supervise state or local detention decisions. *See Drake v. United States*, 792 F. App'x 916, 920, n.4, (Fed. Cir. 2019) (holding that this Court lacks jurisdiction to review criminal convictions).

Moreover, Ms. Ingels names the Butte County Jail as a defendant rather than solely the United States. (Compl. at 1). Claims against a county jail or other local governmental entity lie outside the jurisdiction conferred upon this Court by the Tucker Act. *Langan v. United States*, 812 F. App'x 982, 985 (Fed. Cir. 2020); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (the Court "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees[.]") (citations omitted). Finally, her Complaint identifies no money-mandating source of law that would entitle Ms. Ingels to an award of money damages from the United States. *See Brooks*, 825 F. App'x at 748.

For the stated reasons, Ms. Ingels's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3), and Ms. Ingels's Motion for Leave to Proceed in forma pauperis, (ECF No. 2), is **GRANTED** for the limited purpose of this dismissal. The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[2]

**IT IS SO ORDERED.**

*David A. Tapp*

DAVID A. TAPP, Judge

[2] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.